|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>HEATHER KEY, JACOB BEHR, VIVIAN JOHNSON, VANESSA AGUDELO, LINDA SARSOUR, PHILIP MANDELBAUM, BETH LAUREN BAUM, and JACQUELINE BOURGEOIS, individually and on behalf of all others similarly situated,<br><br>                           Plaintiffs,<br>   -against-<br><br>GOVERNOR ANDREW CUOMO, Governor of the State of New York; DOUGLAS A. KELLNER, Co-Chair and Commissioner, ANDREW SPANO, Commissioner, PETER S. KOSINSKI, Co-Chair and Commissioner, TODD D. VALENTINE, Co-Executive Director, and ROBERT A. BREHM, Co-Executive Director, individually and in their official capacities at the New York State Board of Elections, and THE NEW YORK STATE BOARD OF ELECTIONS,<br><br>                           Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 5/11/2020<br><br><br><br>20 Civ. 3533 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

      Plaintiffs, Heather Key, Jacob Behr, Vivian Johnson, Vanessa Agudelo, Linda Sarsour, Philip Mandelbaum, Beth Lauren Baum, and Jacqueline Bourgeois, all registered Democratic Party voters, allege, among other claims, that their rights under the First and Fourteenth Amendments to the United States Constitution were violated when, on April 27, 2020, the New York Democratic presidential primary was canceled.  *See* Compl., ECF No. 4.  Plaintiffs seek emergency relief pursuant to Federal Rule of Civil Procedure 65(b), in the form of an order "directing Defendants to reinstate the Presidential Primary."[1]  *See generally id.*; *see id.* at 21.

---

[1] Portions of paragraph 2 of the complaint and the prayer for relief contradict each other.  Paragraph 2 indicates that although certain Plaintiffs "expended significant time and resources in order to become eligible" to appear on the Democratic presidential ballot as delegate candidates, this action "is [not] being brought on behalf of any such individuals [as] delegates."  Compl. ¶ 2.  The complaint's prayer for relief, however, calls upon the Court to restore "Plaintiffs" to the ballot.  *Id.* at 21.  Because the language in paragraph 2 is more specific than that in the prayer for

On May 5, 2020, this Court issued an order (the "May 5 Order") in *Yang v. Kellner*, reinstating the June 23 Democratic presidential primary.  No. 20 Civ. 3325, 2020 WL 2129597, at *14 (S.D.N.Y. May 5, 2020) ("[T]he preliminary injunction is GRANTED to the extent that Kellner, Spano, Kosinski, Valentine, and Brehm, in their official capacities, are ORDERED to reinstate to the Democratic primary ballot those presidential and delegate candidates who were duly qualified as of April 26, 2020, and to hold the primary election on June 23, 2020.").  On May 6, 2020, the defendants in *Yang v. Kellner* appealed the May 5 Order.  *See* No. 20 Civ. 3325, ECF No. 44; *see also Yang v. New York State Bd. of Elections*, No. 20-1494 (2d Cir. May 6, 2020).

It is ORDERED, therefore, that this action is STAYED pending resolution of the appeal filed in *Yang v. Kellner*.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "[T]he decision whether to issue a stay is, therefore, firmly within a district court's discretion."  *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (internal quotation marks, citations, and alterations omitted).  Staying this action, pending the Second Circuit's decision in *Yang v. Kellner*, "will best serve the interests of the courts by promoting judicial efficiency" and is appropriate while "awaiting the outcome of proceedings which bear upon the case."  *Id.* at 304–05 (internal quotation marks, citations, and alterations omitted); *see also Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("[A] court may . . . properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action.").

---

relief, for the purposes of this order, the Court reads the prayer for relief as requesting only reinstatement of the primary, not restoration of Plaintiffs to the ballot.

2

Accordingly, for the reasons stated above, the application for emergency relief is DENIED, and the case is STAYED pending resolution of the appeal in *Yang v. New York State Board of Elections*, No. 20-1494 (2d Cir. May 6, 2020).

SO ORDERED.

Dated: May 11, 2020
       New York, New York

                                            ANALISA TORRES
                                     United States District Judge